UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| Robert Smerling | ) |
| :--- | :--- |
| Plaintiff | ) |
| v. | ) No. 12 CV 50362 |
| Officer Dever, et al., | ) Magistrate Judge Iain D. Johnston |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Currently pending before the Court is the Motion for Default Judgment (Dkt. 85) of Robert Smerling (Plaintiff) against Christopher Dever (Defendant). For the reasons that follow, it is the Court's Report and Recommendation that a default judgment in the amount of $40,000 (forty thousand dollars) be entered on behalf of Plaintiff and against Defendant. The reasons for the Report and Recommendation follow. Any objections to this Report and Recommendation must be filed within fourteen (14) days; namely, December 30, 2014.

## FINDINGS OF FACT

1. On October 8, 2012, Robert Smerling (Plaintiff) filed a one-count complaint against Christopher Dever (Defendant). According to Plaintiff, Defendant used excessive force against him, when he was an inmate at Dixon Correctional Center (DCC) and Defendant was a correctional officer.

2. Plaintiff's complaint alleged that on October 8, 2011, during an unannounced search of Plaintiff's cell (a "shake down"), Defendant berated Plaintiff. According to the complaint, Defendant physically attacked Plaintiff, slammed Plaintiff's face against a bunk bed and into a wall, and jumped on top of Plaintiff, injuring his shoulder. Thereafter, Defendant placed handcuffs on Plaintiff and led Plaintiff down a hallway. Defendant then again attacked Plaintiff and slammed Plaintiff's face into a door multiple times. As a result of the attack, Plaintiff suffered a broken nose and was otherwise injured, including an injury to Plaintiff's shoulder.

3. An affidavit submitted by Plaintiff substantiates the allegations about the attack. Additionally, medical records show that Plaintiff had a bilateral non-displaced nasal fracture (a broken nose). Plaintiff avers that as a result of the

1

broken nose he has difficulty breathing, as well as sinus problems. Plaintiff likewise avers that he has persistent shoulder pain and headaches. He claims that he experienced nightmares and avoided correctional officers after the incident. Plaintiff has attached medical records that allude to him possibly suffering from post traumatic stress disorder (PTSD).

4.  As a result of the attack, Defendant was indicted on two counts of aggravated battery. Ultimately, Defendant pleaded guilty to a Class A misdemeanor of simple battery and received a sentence of 12 months' probation, according to publically available records.

5.  Defendant was also discharged from his employment with the Illinois Department of Corrections, and no longer works at DCC.

6.  On October 11, 2012, Plaintiff filed his first amended complaint. The operative allegations against Defendant remained unchanged.

7.  On January 9, 2013, Plaintiff filed a Waiver of Service, establishing that Defendant waived service on January 1, 2013.

8.  On January 14, 2013, an Assistant Attorney General informed Plaintiff's counsel that the Office of the Illinois Attorney General had denied Defendant's request for representation.

9.  On February 1, 2013, Plaintiff filed a motion for entry of default against Defendant.

10. On March 13, 2013, Magistrate Judge P. Michael Mahoney denied the first motion for default.

11. On April 10, 2013, Defendant filed a *pro se* answer to the first amended complaint.

12. On May 3, 2013, the case was transferred to Magistrate Judge Iain D. Johnston.

13. On May 23, 2013, Plaintiff filed an initial status report, representing that the Defendant did not participate in the drafting of the report despite numerous attempts by the Plaintiff to have him do so.

14. On May 24, 2013, Plaintiff filed a supplement to the status report, attaching an email written by Defendant stating he did not agree with the contents of the status report.

15. Thereafter, Plaintiff served written discovery on Defendant. Defendant did not respond to the discovery or otherwise defend the case. Consequently, Plaintiff filed a motion to compel. On May 28, 2013, Magistrate Judge Johnston granted the motion to compel.

16. On June 4, 2013, Plaintiff filed a second amended complaint. This pleading added two new defendants and included a failure to intervene claim against Defendant's supervisors. The operative allegations against Defendant remained unchanged.

17. Despite the order granting the motion to compel, Defendant did not respond to discovery requests. Consequently, on June 27, 2013, Plaintiff moved for entry of default against Defendant.

18. Defendant did not respond to the motion for entry of default.

19. On August 12, 2013, District Judge Philip G. Reinhard granted the motion for entry of default against Defendant, but stayed entry of a default judgment until after the remainder of the case against the other two defendants was resolved.

20. On August 7, 2014, Judge Reinhard granted summary judgment in favor of the other two defendants.

21. On September 18, 2014, Plaintiff's counsel appeared at a status hearing before Magistrate Judge Johnston. Plaintiff's counsel stated that he intended to proceed by way of affidavit to prove up his damages for default judgment. The Court asked Plaintiff's counsel if he preferred an evidentiary hearing, but Plaintiff's counsel declined.

22. On November 17, 2014, Plaintiff filed a motion for default judgment, with attachments, including an affidavit, photographs and medical records. A copy of the motion was sent to Defendant the same day, which was more than seven (7) days before the presentment of the motion. *See* Fed. R. Civ. P. 55(b)(2).

23. On December 4, 2014, at the presentment of the motion for default judgment, the Court again asked Plaintiff's counsel if he wanted an evidentiary hearing instead of proceeding by way of affidavit. Plaintiff's counsel chose to proceed by way of affidavit. As requested, Counsel also provided the Court with color copies of the photographs.

24. Plaintiff is no longer incarcerated. Publically available records show that Plaintiff was placed on parole in June of 2014.

25.  The motion for default judgment is before the Court to enter a Report and Recommendation to Judge Reinhard.

26.  Plaintiff seeks $50,000 (fifty thousand dollars) in compensatory damages and $50,000 (fifty thousand dollars) in punitive damages for a total of $100,000 (one hundred thousand dollars).

## CONCLUSIONS OF LAW

1.  Because this case involves an alleged violation of the Eighth Amendment brought pursuant to 42 U.S.C. §1983 and Defendant waived service and appeared, this Court has both subject matter and personal jurisdiction. 28 U.S.C. §§1331, 1343.

2.  Because the incident occurred in Dixon, Lee County, Illinois, venue is proper in this Court. 28 U.S.C. §93(a)(2).

3.  The record reflects that Defendant was properly and timely notified of the motion for default judgment.

4.  Default proceedings involve a two-step process. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). As noted above, Judge Reinhard's August 12, 2013 order was an entry of default, which is the first step. Liability is established. The second step is the default judgment, in which the court determines the damages.

5.  Upon the entry of default, the well-pleaded allegations of the complaint relating to liability are taken as true. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). However, allegations regarding the amount of damages must be proven because the allegations with respect to damages are not deemed to be true, even upon entry of default. *In re Catt*, 368 F.3d at 793. A moving party is required to "prove up" both compensatory and punitive damages. *Dundee Cement Co.*, 722 F.2d at 1323. The district court has discretion whether to hold an evidentiary hearing or whether to rely on affidavits and documents to determine the damages. *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1992); Fed. R. Civ. P. 55(b)(2). Plaintiff must provide evidence of damages. 10 *Moore's Federal Practice*, §55.32[1][d] at p. 55-45 (3d ed. 2013) ("The claimant must establish the amount of damages. . ."). Punitive damages are available pursuant to a default judgment. *See, e.g., Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1152-53 (3d Cir. 1990). A court has discretion to determine the amount of damages to be awarded pursuant to the default judgment. Wright, Miller & Kane, 10A *Federal Practice and Procedure: Civil 3d* §2688, p. 70 (1998) ("Of course, the court may award substantially less whenever the damage proceeding indicates that only a smaller award is warranted.").

6.     In determining the amount of compensatory and punitive damages, the Court reviewed the evidence Plaintiff introduced, the pleadings on file, and the applicable law, including the factors considered in determining punitive damages.

7.     Determining damages in a default proceeding is not a science. As Seventh Circuit Civil Pattern Jury Instruction 7.23 states, "There is no exact standard for setting the damages to be awarded on account of pain and suffering." Nevertheless, the evidence provided by the movant provides guidance to this Court. In this case, there is no doubt that Plaintiff was injured. He has presented medical records and evidence establishing that he has a fractured nose, an injured shoulder, and received bruising to the head and neck, as well as other injuries described in his affidavit. Plaintiff contends that as a result of the attack, he has persistent breathing problems, shoulder pain and headaches.

8.     However, there is also a lack of evidence. First, Plaintiff has presented no medical bills. Obviously, during his incarceration, he was not billed for the medical care, which explains the lack of medical bills for that time. However, Plaintiff has since been released. If he has sought medical care and incurred medical bills since his release, that information has not been provided to the Court. Second, Plaintiff does not provide any medical opinion establishing causation or permanency. Third, he likewise presents no evidence that he still suffers from PTSD, to the extent he did, in fact, suffer from PTSD. Moreover, his fear of correctional officers would likely be non-existent now that he is no longer incarcerated.

9.     Perhaps medical testimony is not required to show causation between a fractured nose and breathing problems, but such testimony would certainly help the Court. In addition to causation, medical testimony regarding permanency would have been beneficial. The same is true for the other ailments allegedly resulting from Defendant's actions. Had such evidence been presented, perhaps an amount closer to Plaintiff's demand would have been more likely. Moreover, had Plaintiff testified at an evidentiary hearing instead of by way of affidavit an amount closer to his demand might be warranted.

10.    Notwithstanding the lack of medical opinion testimony linking the incident with the alleged persistent problems, Plaintiff is entitled to compensatory damages. Based on the evidence in the record as well as the absence of certain record evidence, and in the exercise of its discretion, the Court recommends an award of $20,000 (twenty thousand dollars) in compensatory damages.

11.    Moreover, punitive damages are appropriate in this case, but not in the amount Plaintiff seeks. Seventh Circuit Civil Pattern Jury Instruction 7.24 provides sound guidance to the Court in determining that punitive damages are appropriate and the amount of those damages. Punitive damages *may* be assessed if the defendant's conduct was malicious or in reckless disregard of the plaintiff's

5

rights. The evidence before the Court supports a finding that Defendant's actions were accompanied by ill will or done for the purpose of causing injury to Plaintiff. At the very least, the evidence shows that Defendant's conduct reflects complete indifference to Plaintiff's safety and rights. Again, based on the evidence in the record, after considering the factors identified in Seventh Circuit Civil Pattern Jury Instruction 7.24, in the exercise of its discretion, the Court recommends an award of $20,000 (twenty thousand dollars) in punitive damages.

## RECOMMENDATION

It is the Court's Report and Recommendation that a default judgment be awarded to Plaintiff in the amount of $40,000 (forty thousand dollars) comprised of $20,000 (twenty thousand dollars) in compensatory damages and $20,000 (twenty thousand dollars) in punitive damages.

December 15, 2014　　　　　　　　　Entered:_____
　　　　　　　　　　　　　　　　　　Iain D. Johnston
　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge